IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                    *
CHARLES HOLLOWAY,                   *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *        Civil No. JFM-05-3087
                                    *
JOHN E. POTTER,                     *
        Postmaster General,         *
        United States Postal Service, *
                                    *
        Defendant.                  *
                                  *****
```

## MEMORANDUM

Plaintiff Charles Holloway ("Holloway") brought this suit against John Potter, the Postmaster General of the United States Postal Service ("the Postal Service"), alleging both sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. The Postal Service has filed a motion to dismiss, or in the alternative for summary judgment. For the reasons stated below, the motion will be granted.

I.

Plaintiff Holloway was (and apparently still is) employed by the Postal Service as a laborer custodian. During the relevant period of time, Glenn March ("March") served as acting maintenance supervisor, placing him in a position of authority over Holloway. Two other Postal Service employees, Ron Bailey ("Bailey") and Michael Luciano ("Luciano"), served as Holloway's managers. In March, 2002, March held a pre-disciplinary interview ("PDI") with Holloway. The events leading up to the PDI are in dispute and are not material to the pending motion.

Holloway alleges that during the PDI, March "subjected [Holloway] to actions of a sexual nature, including but not limited to, asking him if he thought he was 'cute, attractive or sexy' as he winked at him, and making other gestures of a feminine nature".  Holloway informed Bailey and Luciano of the incident, and they told him they would look into it.  The Postal Service alleges that Bailey and Luciano concluded the comments were "unprofessional", counseled March, and sent him to training "to improve his management skills", but the Postal Service did not file any report on the incident.  Holloway contacted an EEO counselor on April 2, 2002 regarding the incident and made an appointment with a dispute resolution specialist.

A second incident occurred that afternoon, allegedly in retaliation for Holloway's contacting the EEO counselor.  Holloway alleges that he approached March and explained that he did not appreciate March's comments, and asked him to stop making them.  March agreed to do so, but then allegedly had Holloway escorted from the premises by the Postal Police and placed on "Emergency Placement".  Holloway alleges that the basis for this removal was falsified by March, and that March additionally asked a co-worker to lie and say that Holloway had threatened March.  March, in turn, alleges that he overheard Holloway threatening him. Holloway returned to work the following day with no loss of pay or benefits as a result of his removal.  Holloway alleges that several weeks later March attempted to knock him down in the hallway, also in retaliation.

## II.

Because the Postal Service's motion requires this Court to look beyond the four corners of the Complaint, it will be treated as one for summary judgment.  Summary judgment is proper where there is no genuine issue of material fact and the moving party proves that it is entitled to

judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  Materiality is determined by the

substantive law of the case; if a fact is in dispute that might affect the outcome of a case, it is

considered to be material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When

assessing a motion for summary judgment, the court must draw all justifiable inferences in favor

of the non-moving party.  *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

587-88 (1986).  In the context of Title VII claims, an employer is entitled to summary judgment

if it can show that the employee fails to satisfy one or more of the elements of the claims as a

matter of law.  *Bernard v. Calhoon Meba Engineering Sch.*, 309 F. Supp. 2d 732, 738 (D. Md.

2004).

III.

Title VII of the Civil Rights Act of 1964 has been held to provide a cause of action where

"the workplace is permeated with discriminatory intimidation, ridicule, and insult that is

sufficiently severe or pervasive to alter the conditions of the victim's employment and create an

abusive working environment".  *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78

(1998).  The framework for this type of claim under Title VII is well-established.  *See Matvia v.*

*Bald Head Island*, 259 F.3d 261 (4th Cir. 2001).  In order to establish a prima facie hostile

environment case in the sexual harassment context, the employee must show that 1) the conduct

occurred because of his or her sex, 2) the conduct was unwelcome, 3) the conduct was

sufficiently severe or pervasive to create an abusive environment, and 4) that there exists a basis

for imputing liability to the employer.  *Id.* at 266.  In this case, summary judgment will be

granted because Holloway has failed to allege that the conduct complained of was sufficiently

-3-

severe or pervasive to create an abusive environment.[1]

As the Supreme Court explained in *Oncale*, conduct that does not "create an objectively hostile or abusive work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview". *Oncale*, 523 U.S. at 81.  In considering the evidence, a court should take the perspective of a reasonable person in the plaintiff's circumstances, including the culture and ideas of the workplace.  *Id.* (giving the example of a football player being smacked on the buttocks by a coach as behavior that would not give rise to Title VII in one context, but might in another).  Factors that should be taken into account include: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 242 (4th Cir. 2000).

In this case, March's alleged conduct was, without doubt, inappropriate.  The Postal Service does not argue that it condones or that its culture includes sexual innuendo or commentary of the sort to which Holloway allegedly was exposed.  However, Holloway only

---

[1]With regard to the first element, I would permit Holloway to take discovery as to whether March's alleged conduct occurred because of Holloway's sex.  With regard to the second element, the Postal Service does not contend that March's alleged conduct was welcome.  As to the fourth element, because I find that Holloway's allegations are not sufficient to show that March's alleged conduct was sufficiently severe or persuasive to create an abusive environment, I need not reach the somewhat difficult question of whether, in light of the actions that the Postal Service took in response to Holloway's complaints, March's alleged conduct may be imputed to the Postal Service.

complains of the single incident during his PDI, with vague allusions to March staring at him in

a suggestive manner at other times.  Even during that single incident, March's comments were

not graphic or explicit.  Holloway does not allege that March attempted to touch, kiss, fondle, or

otherwise make inappropriate contact with Holloway.  While physical contact is not necessary

for a hostile work environment claim, the lack of physical contact does have relevance in

considering the severity of the harassment.  Conduct far more severe and objectively offensive

from that alleged by Holloway has been found outside the scope of Title VII.  *See, e.g.*, *Shepherd*

*v. Comptroller of Public Accounts of Texas*, 168 F.3d 871 (5th Cir. 1999); *Koelsch v. Beltone*

*Elecs. Corp.*, 46 F.3d 705 (7th Cir. 1995); *Saxton v. American Telephone & Telegraph Co.*, 10

F.3d 526 (7th Cir. 1993); *Jones v. Clinton*, 990 F. Supp. 657 (E.D. Ark. 1998); *Stoeckel v. Envir.*

*Mgmt. Systems, Inc.*, 882 F. Supp. 1106 (D. D.C. 1995).

IV.

Holloway has also alleged a retaliation claim under Title VII.  The elements of a

retaliation claim have recently been altered by the Supreme Court in *Burlington N. & Santa Fe*

*Rwy. Co. v. White*, 126 S. Ct. 2405 (2006), and now require that: 1) the employee engaged in

protected activity, 2) the employer took action that would be "*materially adverse to a reasonable*

*employee or job applicant*", and 3) there is a causal connection between the protected activity

and the asserted adverse action.  *Id.* at 2408 (emphasis added).  In determining whether the

alleged retaliatory action is materially adverse as required for the second element, the court

should ask whether it was harmful enough to "dissuade a reasonable worker from making or

supporting a charge of discrimination." *Id.* at 2409.  If the plaintiff makes such a showing, then

the burden shifts to the employer to offer a non-discriminatory basis for the adverse employment

action.  *Matvia*, 259 F.3d at 271.  The employee then has the opportunity to prove that the

asserted reason is pretextual.  *Id.*; *see also Smith*, 202 F.3d at 248 ("The *McDonnell Douglas*

burden-shifting scheme applies in analyzing retaliation claims under Title VII").

Here, it is clear that Holloway was engaging in a protected activity .  It is also reasonable

to find at least an allegation of causation, based on the temporal proximity between Holloway's

contacting an EEO counselor and the alleged retaliatory action (his emergency placement).

However, Holloway has failed to allege an adverse employment action sufficient to satisfy the

second prong, even under the more liberal reading established in *Burlington Northern*.  There,

the Supreme Court explained that Title VII's prohibition on retaliation covers only those

employer actions that "could well dissuade a reasonable worker from making or supporting a

charge [of harassment]".  *Burlington N.*, 126 S.Ct. at 2409.  In this case, as evidence of

retaliatory action, Holloway offers only the emergency placement and the alleged attempt to

knock him over in the hallway.  The emergency placement caused neither salary nor benefits

consequences, and Holloway was able to return to work the very next day.  With regard to the

alleged attempt to knock him over in the hallway, assuming the facts occurred as alleged by

Holloway, I do not find that March's conduct alone was sufficient to dissuade a reasonable

worker.  Certainly, such conduct would be small and petty, but it would not be seriously

threatening or sufficient to deter an employee from making a charge of harassment.

In sum, Holloway has failed to allege harassment that is sufficiently severe or persistent

to support a Title VII hostile work environment claim, and he has not alleged retaliatory conduct

sufficient to deter a reasonable worker from making a claim of harassment.  Accordingly, a

separate order is being entered herewith granting summary judgment in favor of the Postal

Service as to both counts of the complaint.


  September 20, 2006                          /s/
Date                                    J. Frederick Motz
                                        United States District Judge